IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GLENN H. GIBO,                    )       CIVIL NO. 07-00627 LEK
                                  )
            Plaintiff,            )
                                  )
      vs.                         )
                                  )
CITY AND COUNTY OF HONOLULU,      )
DEPARTMENT OF ENVIRONMENTAL       )
SERVICES,                         )
                                  )
            Defendant.            )
_____   )


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        Before the Court is Defendant City and County of

Honolulu, Department of Environmental Services' ("Defendant")

Motion for Summary Judgment ("Motion"), filed on February 19,

2009.  Plaintiff Glenn H. Gibo ("Plaintiff") filed his memorandum

in opposition on March 6, 2009, and Defendant filed its reply on

March 17, 2009.  The Court finds this matter suitable for

disposition without a hearing pursuant to Rule LR7.2(d) of the

Local Rules of Practice of the United States District Court for

the District of Hawaii ("Local Rules").  After careful

consideration of the Motion, supporting and opposing memoranda,

and the relevant legal authority, Defendant's Motion is HEREBY

GRANTED for the reasons set forth below.

BACKGROUND

        Plaintiff, who was born in 1953, began employment with

Defendant in 1977 as a collection system helper.  In 1983,

Plaintiff was promoted to Collection System Maintenance ("CSM"), WCS Repairer, WB-10.  [Pltf.'s Separate Concise Stat. of Facts in Opp. to Motion ("Pltf.'s CSOF"), Decl. of Glenn H. Gibo ("Gibo Decl.") at ¶¶ 2-4.]

On February 23, 2005, Defendant posted a notice of five openings for Wastewater Collection System Supervisor I ("WCSSI") positions at the CSM base yard.  [Def.'s Separate & Concise Stat. of Facts in Supp. of Motion ("Def.'s CSOF"), Decl. of Lorita Kahikina-Moniz ("Moniz Decl."), Exh. A (vacancy announcement); Pltf.'s CSOF at ¶ 1.]  All of the applicants for the WCSSI positions took a standardized written exam.  A four-person panel interviewed all of the applicants who passed the written exam. The applicants who did not pass the written exam were not considered.  [Moniz Decl. at ¶ 6; Pltf.'s CSOF at ¶ 2.]

Plaintiff applied for the WCSSI position, but he was informed in a letter dated December 6, 2005 that he was not selected.  Plaintiff alleges that, in spite of his twenty-nine years of service with Defendant, five younger and less qualified applicants were promoted to the WCSSI positions instead of him. The five selectees were: Junito Clemente, Michael Distajo, Charyk Gamboa, Vernon Hoffman, and George Malapit.  [Gibo Decl. at ¶ 7.]

On October 10, 2007, Plaintiff filed an age discrimination complaint with the Equal Employment Opportunity Commission.  He received a right to sue letter on October 25,

2007.  On that date, Plaintiff filed an age discrimination complaint with the Hawaii Civil Rights Commission.  He received a right to sue letter on December 6, 2007.  [Complaint at ¶¶ 31-32.]  On December 31, 2007, within ninety days of receiving each of the right to sue letters, Plaintiff filed the instant action, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621, *et seq.*, and Haw. Rev. Stat. §§ 378-1 and 378-2.[1]

In the instant Motion, Defendant argues that it is entitled to summary judgment because Plaintiff cannot establish a prima facie case of age discrimination.  Defendant apparently concedes that Plaintiff is a member of a protected class, *i.e.*, that he is between the ages of forty and seventy.  Defendant argues that Plaintiff cannot establish that he was qualified for a WCSSI position.  Further, he cannot show that substantially younger employees with equal or inferior qualifications were selected for the positions.

Even assuming, *arguendo*, that Plaintiff can establish a prima facie case, Defendant had a legitimate, non-discriminatory reason for not selecting Plaintiff for a WCSSI position.

---

[1] The Complaint also included a retaliation claim, but the parties stipulated to the dismissal of the retaliation claim. [Stip. to Dismiss Count II - Retaliation from Pltf.'s Complaint Filed on Dec. 31, 2007 with Prejudice; Order, filed 3/16/09 (dkt. no. 103).]

Defendant had a standardized selection process for the WCSSI selection.  It included a standardized written exam as a preliminary screening and an oral interview with standardized questions.  Each of the four-member interview panel independently assigned each interviewee a numerical rating, and the applicants with the top five scores on the interview were selected for the WCSSI positions.  Defendant stated that Plaintiff received a low score on the interview because he did not demonstrate a good depth and breadth of the knowledge required for the WCSSI positions.   It is therefore Plaintiff's burden to prove that Defendant's proffered reason is merely pretext.  Defendant argues that Plaintiff has no evidence that raises a genuine issue of fact as to pretext.

In his memorandum in opposition, Plaintiff argues that he has established a prima facie case of age discrimination.  It is undisputed that he is a member of a protected class. Plaintiff contends that he was qualified for promotion to a WCSSI position.  He estimates that, between the 1980's to 2007, he was temporarily assigned to a WCSSI position more than several hundred times, including a continuous five-month period in the late 1980's.  He was never subjected to disciplinary action, and he received excellent annual performance evaluations, including a comment that he would do well in a CSM supervisor position.  It is undisputed that he was not selected for promotion to a WCSSI

4

position and that the five selectees were all younger than he was.  Plaintiff also argues that the selectees were less qualified because they all had less years of service than he had, and he was Michael Distajo's and Junito Clemente's supervisor during the times that he served in temporary WCSSI positions.

Plaintiff contends that Defendant's proffered reason for his non-selection is pretext because it is inconsistent with his excellent annual performance evaluations, his repeated placement in temporary WCSSI positions over a twenty-year period, the testimony of the five selectees that they knew of no information that would have prevented him from making a good supervisor; and the requirement in the United Public Workers ("UPW") collective bargaining agreement that, where the qualifications of applicants are relatively equal, the employer shall give priority to the qualified applicant with the most seniority.  Finally, Plaintiff states that a member of the interview panel told him that they needed to hurry because they had only one hour to cover a lot of questions.  This led Plaintiff to believe he had give short, concise answers and Defendant alleges that the panel determined him to be unqualified for the position because of his answers.  Plaintiff argues that there is no evidence that the panel instructed younger candidates to hurry in their interviews.

In its reply, Defendant argues that Plaintiff's beliefs

5

about what the qualifications for the WCSSI positions should have been are not evidence of what the qualifications actually were. Defendant established standardized interview questions to determine which applicants had the knowledge required for the position.  Plaintiff does not claim that the questions themselves were discriminatory.  If Plaintiff did possess the requisite knowledge, he failed to demonstrate it during his interview. Defendant asserts that Plaintiff performed poorly on the interview because of his unfounded belief that, because of his seniority, he would be promoted regardless of how he performed on the interview.

Defendant argues that Plaintiff has not presented evidence which warrants an inference of discrimination because four of the five selectees belong to the same protected class as he does.  Further, Plaintiff ignores the requirement that the selectee be substantially younger than the plaintiff.  Defendant reiterates that Plaintiff cannot establish that he was equally or more qualified than the selectees because he cannot overcome the vast disparity between his interview score and the selectees' scores.

Defendant argues that Plaintiff has failed to demonstrate pretext.  First, Defendant argues that Plaintiff's own evaluation of the candidates' relative qualifications is not sufficient to create a genuine issue of fact as to pretext.

6

Defendant also notes that the selection for the WCSSI positions was not based on the applicants' performance evaluations and, even if the evaluations had been considered, the panel would not have considered the evaluation which stated that Plaintiff would do well in the position because that evaluation occurred after the selection.  Plaintiff also did not demonstrate how his temporary assignments to the WCSSI position demonstrated that his qualifications exceeded the selectees' qualifications to such a degree as to create a genuine issue of fact as to pretext. Further, the selectees' opinions of Plaintiff's work are not relevant because they were not a part of the selection panel and their testimony does not establish that Plaintiff was more qualified than they were.

As to the UPW collective bargaining agreement, Plaintiff admitted during his deposition that the WCSSI positions were HGEA positions.  Thus, the UPW collective bargaining agreement did not apply.  Even if it did apply, Plaintiff's qualifications were not relatively equal to the selectees' qualifications because his interview score ranked him last out of the thirty-seven applicants.  In contrast, the five selectees had the five highest scores.

As to Plaintiff's claim that he was rushed during his interview, even if that were true, Plaintiff failed to identify any evidence as to whether the selectees received similar

instructions.  Without such evidence, the interviewer's comment
does not constitute specific or circumstantial evidence of
pretext.  Further, despite his testimony that he believed he had
to give short answers, Plaintiff admitted during his deposition
that he did not feel pressured and that no one cut him off during
an answer.  Plaintiff also did not identify any further
information that he would have given during the interview if he
had not been told to hurry.  Defendant therefore argues that
Plaintiff failed to establish a genuine issue of fact as to
pretext.

**STANDARD**

Summary judgment is appropriate when "the pleadings,
the discovery and disclosure materials on file, and any
affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of
law." Fed. R. Civ. P. 56(c).  The moving party bears the initial
burden of establishing that there is no genuine issue of material
fact. See MetroPCS, Inc. v. City & County of San Francisco, 400
F.3d 715, 720 (9th Cir. 2005).  There is no genuine issue of
material fact if, based on the record as a whole, a rational
trier of fact could not find for the non-moving party.  See
Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
574, 587 (1986).  "A material fact is one that may affect the
decision, so that the finding of that fact is relevant and

8

necessary to the proceedings." W. Sunview Props., LLC v. Federman, 338 F. Supp. 2d 1106, 1114 (D. Haw. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

If the moving party meets its burden, the non-moving party must then present evidence that there is a genuine issue of material fact for trial.  In considering a motion for summary judgment, a court must resolve all disputed issues of fact in favor of the non-moving party.  See MetroPCS, 400 F.3d at 720. "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citations omitted).  Further, "[i]n ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law." W. Sunview, 338 F. Supp. 2d at 1114 (citation omitted).

## DISCUSSION

### I.   Plaintiff's ADEA Claim

Under the ADEA, it is illegal for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's age[.]"  29 U.S.C. § 623(a)(1).  Courts apply the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to ADEA discrimination claims based on circumstantial evidence.  See Diaz v. Eagle Produce Ltd.

P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008).  In the present

case, Plaintiff must establish a prima facie case of age

discrimination warranting a presumption of discrimination.  The

burden then shifts to Defendant to articulate a legitimate, non-

discriminatory reason for Plaintiff's non-selection.  If

Defendant does so, Plaintiff must establish that the proffered

reason is merely pretext for age discrimination.  See id.  The

Court, however, notes that "[a]s a general matter, the plaintiff

in an employment discrimination action need produce very little

evidence in order to overcome an employer's motion for summary

judgment."  Id. (citation and quotation marks omitted).

A.    **Plaintiff's Prima Facie Case**

In order to establish a prima facie case of

discrimination, a plaintiff must show that

> (1) he is a member of a protected class; (2) he
> was qualified for his position; (3) he experienced
> an adverse employment action; and (4) similarly
> situated individuals outside his protected class
> were treated more favorably, or other
> circumstances surrounding the adverse employment
> action give rise to an inference of
> discrimination.

Whitman v. Mineta, 541 F.3d 929, 932 (9th Cir. 2008) (citations

and quotation marks omitted).

1.    **Protected Class**

Plaintiff was fifty-one when he was not selected for

the WCSSI position.  [Gibo Decl. at ¶ 2.]  He was therefore a

member of a protected class because he was between the ages of

forty and seventy.  See Messick v. Horizon Indus. Inc., 62 F.3d 1227, 1229 (9th Cir. 1995).

 2.  **Qualified for the Position**

 The vacancy announcement for the WCSSI positions states that the positions require "[e]xperience and/or training of sufficient scope and quality to show competence in sewer construction, maintenance and repair work" and the possession of a valid Hawaii driver's license.  [Exh. A to Def.'s CSOF.] Plaintiff began working for Defendant in 1977 as a collection system helper and was promoted to CSM, WCS Repairer, WB-10 in 1983.  [Gibo Decl. at ¶¶ 3-4.]  Plaintiff described his duties and responsibilities as a WCS Repairer, WB-10 and stated that he performed his duties well.  [Id. at ¶¶ 5-6.]  Plaintiff also estimates that, from the 1980's to 2007, he was assigned to the WCSSI position on a temporary basis more than several hundred times, including a five-month consecutive period in the late 1980's.  [Id. at ¶¶ 25-26.]  Viewing the evidence in the light most favorable to Plaintiff,[2] this Court FINDS that Plaintiff was qualified for a WCSSI position when he applied in 2005.

---

 [2] The Court notes that Defendant contends that Plaintiff cannot prove that he was qualified for a WCSSI position because he failed to demonstrate the knowledge and skill necessary for the position during the interview.  [Mem. in Supp. of Motion at 7-9.]  In the Court's view, this argument should be addressed in relation to Defendant's asserted legitimate non-discriminatory reason for Plaintiff's non-selection.

11

### 3.   Adverse Employment Action

Plaintiff was not selected for a WCSSI position in December 2005.  It is undisputed that this constitutes an adverse employment action.

### 4.   Similarly Situated Individuals Outside of Plaintiff's Protected Class were Treated More Favorably

Plaintiff must establish that "similarly situated individuals outside his protected class were treated more favorably[.]"  Whitman, 541 F.3d at 932 (emphasis added) (citation and quotation marks omitted).  The Ninth Circuit has also expressed this element as "substantially younger employees with equal or inferior qualifications" were treated more favorably.  Diaz, 521 F.3d at 1207 (citation omitted).

The following persons were selected for the WCSSI positions: George Malapit; Junito Clemente, Charyk Gamboa, Vernon Hoffman, and Michael Distajo.  [Moniz Decl. at ¶ 10.]  Mr. Malapit was forty-eight years old at the time of his selection. [Exh. Z-5 to Def.'s CSOF (Def.'s Excerpts of Trans. of 12/30/08 George Malapit Depo.) at 6-7.]  Mr. Clemente was forty-six years old at the time of his selection.  [Exh. Z-1 to Def.'s CSOF (Def.'s Excerpts of Trans. of 12/30/08 Junito Clemente Depo.) at 7.]  Mr. Gamboa was forty-four years old at the time of his selection.  [Exh. Z-3 to Def.'s CSOF (Def.'s Excerpts of Trans. of 12/30/08 Charyk Gamboa Depo.) at 7.]  Mr. Hoffman was forty

12

years old at the time of his selection.  [Exh. Z-4 to Def.'s CSOF
(Def.'s Excerpts of Trans. of 12/30/08 Vernon Hoffman Depo.)
("Def.'s Hoffman Depo.") at 7-8.]  Mr. Distajo was thirty-eight
years old at the time of his selection.  [Exh. Z-2 to Def.'s CSOF
(Def.'s Excerpts of Trans. of 12/30/08 Michael Distajo Depo.)
("Def.'s Distajo Depo.") at 9.]

        Although all of the selectees were younger than
Plaintiff, Mr. Malapit, Mr. Clemente, Mr. Gamboa, and Mr. Hoffman
were within the same protected class as Plaintiff.  Only
Mr. Distajo was outside of Plaintiff's protected class.

        Plaintiff does not fair much better under the
"substantially younger" formulation.  In Diaz v. Eagle Produce
Ltd. Partnership, three of the plaintiffs, Abel Ruiz Diaz, Ubaldo
Moreno, and Alejandro Mancilla, were ages fifty-five, sixty-six,
and sixty-three, respectively, when they were laid off.  See 521
F.3d at 1205-06.  They had four, one-and-a-half, and five years
of experience, respectively, with their employer.  See id. at
1210.  The Ninth Circuit held that the employer's failure to lay
off substantially younger employees with equal or less experience
supported an inference of discrimination.  The cited employees
who were not laid off were: nineteen years old with approximately
five months of experience; twenty-one years old with
approximately two years of experience; thirty-six years old with
approximately one-and-a-half years of experience; and forty-two

13

years old with two months of experience.  <u>See</u> <u>id.</u>  Thus, the
oldest retained employee was thirteen years younger than the
youngest plaintiff.

In the present case, Mr. Malapit was only three years
younger than Plaintiff, Mr. Clemente was only five years younger,
and Mr. Gamboa was only seven years younger.  Even assuming
*arguendo* that these selectees were equally or less qualified than
Plaintiff, he cannot establish a prima facie case based on their
selection because they were not substantially younger than he
was.  <u>See</u>, <u>e.g.</u>, <u>id.</u>; <u>Pottenger v. Potlatch Corp.</u>, 329 F.3d 740,
745-46 (9th Cir. 2003) (sixty-year old plaintiff was replaced by
forty-three year-old with equal or inferior qualifications);
<u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 915, 917 (9th
Cir. 1996) (holding that the plaintiff, who was approximately
fifty-six years old when discharged, established a presumption of
age discrimination because his duties continued to be performed
by a twenty-five year old with significantly less experience).
Plaintiff therefore cannot establish a prima facie case of age
discrimination as to the three WCSSI positions given to
Mr. Malapit, Mr. Clemente, and Mr. Gamboa.  Defendant's Motion is
therefore GRANTED as to Plaintiff's claims based on the selection
of Mr. Malapit, Mr. Clemente, and Mr. Gamboa.

In contrast, Mr. Hoffman was eleven years younger than
Plaintiff, and Mr. Distajo was thirteen years younger.  Viewing

14

the evidence in the light most favorable to Plaintiff, this Court
finds that those selectees were substantially younger than
Plaintiff.  The Court now turns to the question whether they were
equally or less qualified for a WCSSI position than Plaintiff.

Mr. Hoffman had been employed by Defendant for twelve-
and-a-half years when he was selected for a WCSSI position.  His
original position was a helper, but, by the time he was promoted,
he was in a repairer position with the separate task of heavy
equipment operator.  The record does not indicate when Mr.
Hoffman was promoted to repairer.  [Def.'s Hoffman Depo. at 7-8.]
Mr. Distajo had fifteen years of employment with Defendant when
he was selected.  [Def.'s Distajo Depo. at 8-9.[3]]  He started as
a helper to the repairers in 1990 and was promoted to a repairer
in 1993 or 1994.  [Exh. E to Pltf.'s CSOF (Pltf.'s Excerpts of
Trans. of 12/30/08 Michael Distajo Depo.) ("Pltf.'s Distajo
Depo.") at 7.]  Plaintiff had twenty-eight years of experience
with Defendant when he was not selected for a WCSSI position.  He
also started as helper and was promoted to repairer in 1983.
[Gibo Decl. at ¶¶ 4, 7.]  For purposes of the instant Motion,
this Court finds that Plaintiff's experience was comparable to
Mr. Hoffman's and Mr. Distajo's and Plaintiff had more years of

---

[3] The Court notes that page 8 of Mr. Distajo's deposition is
not included in Defendant's Concise Statement of Facts.  The
question on page 8, however, is apparent from the answer on page
9, which is included in Defendant's Concise Statement of Facts.

service.[4]  This Court therefore finds that Plaintiff has
established a prima facie case as to the promotion of Mr. Hoffman
and Mr. Distajo.

    **B.**   **<u>Defendant's Legitimate, Non-discriminatory Reason</u>**

       Defendant asserts that it employed an age-neutral,
standardized selection process for the WCSSI positions consisting
of a written examination and an interview.  Defendant argues that
Plaintiff was not selected because "he did not demonstrate a good
depth and breadth of the required knowledge to hold this WCSSI
position."  [Mem. in Supp. of Motion at 11 (citation omitted).]

       All of the applicants for the WCSSI positions took a
written examination.  The applicants who failed the written
examination were removed from consideration, and the applicants
who passed the written examination were scheduled for an
interview.  The members of the interview panel were Ms. Moniz,
Florendo "Fuji" Juan, CSM's General Foreman, Clem Padeken, CSM's
Windward District Manager,[5] and William Atiz, CSM's Leeward

---

    [4] Defendant argues that it did not consider years of
experience as the measure of the applicants' qualifications.
Defendant determined whether each applicant had the requisite
knowledge and abilities for a WCSSI position based on his or her
interview.  The Court will consider the interview process in the
analysis of whether Defendant has a legitimate, nondiscriminatory
reason for Plaintiff's non-selection.

    [5] Mr. Padeken was the district supervisor for some of the
five selectees.

16

District Manager.  Herman Ellis, CSM's Metro District Manager,[6] could not serve on the panel because his son-in-law was one of the applicants.  The panel did not consider the applicants' scores on the written examination.  [Moniz. Decl. at ¶¶ 6-7.] "In other words, all applicants started with a clean slate at the oral interview."  [Id. at ¶ 7.]  The panel asked all of the applicants the same series of sixty-four standardized questions. Each applicant was required to respond to the questions, and each panelist individually scored each applicant based on his or her responses.  The scoring had objective components, such as knowledge of the position's tasks and protocols, and subjective components, such as communication abilities.  The scores from each panelist were tallied and the applicants with the top five scores were recommended by the panel and ultimately selected for the WCSSI positions.  [Id. at ¶¶ 8-9.]  The next two highest scoring applicants were considered alternates, and the remaining applicants were deemed "not recommended".  [Exh. B to Def.'s CSOF (Recommendation List of the WCSSI applicants).]

The five selectees scored between 121.0 to 140.5 out of a possible 150.0 points.  Mr. Hoffman scored the second highest with 137.0 points and Mr. Distajo scored the fifth highest with 121.0 points.  [Id.; Moniz Decl. at ¶ 10.]  Each of the panelists independently ranked the five selectees at the top of the

---

[6] Mr. Ellis was Plaintiff's district supervisor.

applicant field.  [Exhs. C-G to Def.'s CSOF (spreadsheets of the panel's collective scores for five selectees).]  Defendant asserts that the five selectees "[e]ach demonstrated a good breadth of knowledge as to the required duties and responsibilities of the position as shown by his answers to the applicable interview questions."[7]  [Moniz. Decl. at ¶ 10.]

Plaintiff scored 53.5, the lowest score of the thirty-seven applicants interviewed.  [Id. at ¶ 12.]  The panelists each ranked Plaintiff at the bottom of the applicant field.  [Exhs. J (spreadsheet of the panel's collective scores for Plaintiff).]  Defendant asserts that Plaintiff "did not demonstrate a good breadth of knowledge as to the required duties and responsibilities of the position as shown by his answers to the applicable interview questions."[8]  [Moniz. Decl. at ¶ 11.]

The interview panel asked all of the applicants the same set of sixty-four questions regarding the following subjects relevant to the WCSSI positions: maintenance, safety, supervision, spill reporting, public relations, writing, communication, and attitude.  Each category was assigned a weight multiplier.  Maintenance, spill reporting, public relations, and

---

[7] Ms. Moniz's notes of Mr. Malapit's responses to the interview questions are attached as Exhibit H to Defendant's Concise Statement of Facts.  He was the top scoring applicant.

[8] Ms. Moniz's notes of Plaintiff's responses to the interview questions are attached as Exhibit I to Defendant's Concise Statement of Facts.

attitude were weighted as 1.0, and safety, supervision, writing, and communication were weighted as 1.5.  [Exhs. C-G, J to Def.'s CSOF.]  Plaintiff does not allege that the interview questions were inherently discriminatory against persons in his protected class.  [Exh. Y-1 to Def.'s CSOF (Excerpts of Trans. of 12/16/08 Glenn Hajime Gibo Depo.) ("Gibo Depo.") at 172-73.]  Based on its own review of the questions, the Court finds that there is no age bias in the questions.  Defendant acknowledges that the questions and scores did address some subjective components, such as how well the applicant expressed himself, reliability, and attitude. Plaintiff, however, does not allege, nor is there any evidence, that the panelists judged those selective components in a discriminatory manner.  The panelists independently assigned scores in each category to each applicant, and each applicant's final score was calculated with a straight-forward mathematic formula.  The five applicants with the top scores were selected for the position.

Defendant employed a legitimate, age-neutral, standardized selection method to choose the five persons promoted to the WCSSI positions.  Plaintiff was not selected because he did not demonstrate in his interview score that he had sufficient knowledge of the positions' duties and responsibilities and therefore he was not one of the top five scoring applicants. This Court therefore FINDS that Defendant met its burden of

19

articulating a legitimate, non-discriminatory reason for
Plaintiff's non-selection.

     **C.**    <u>**Pretext**</u>

       The burden now shifts to Plaintiff to establish that
Defendant's proffered reason is pretext.  A plaintiff "may
demonstrate pretext either directly by persuading the court that
a discriminatory reason likely motivated [the defendant] or
indirectly by showing that [the defendant's] proffered
explanation is unworthy of credence."  <u>Diaz</u>, 521 F.3d at 1212
(citation and quotation marks omitted).

       Plaintiff has no direct evidence that a discriminatory
reason motive likely motivated the selection for the WCSSI
positions.  Plaintiff contends that the following evidence
constitutes circumstantial evidence that Defendant's proffered
explanation is pretext: he had excellent annual performance
evaluations; his supervisor stated in one of Plaintiff's
performance evaluations that "[w]ith his vast knowledge and years
of service with CSM this employee if give (sic) a chance would
make a fine CSM Supervisor"; [Pltf.'s CSOF, Exh. C.]; Plaintiff
had been working in temporary WCSSI positions on and off for over
twenty years; each of the five selectees for the position
testified that they knew of no information which would have
prevented Plaintiff from making a good supervisor; under the UPW
collective bargaining agreement, the employer should promote

based on seniority when the applicants' qualifications are relatively equal; and Plaintiff was the only applicant who was told at the start of his interview that he needed to hurry.[9]

### 1.   Annual Evaluations

There is no dispute that Plaintiff has presented evidence of an excellent annual evaluation.  However, there is no evidence in the record that the interview panel considered the applicants' annual evaluations in scoring the applicants.  The interview panel scored the applicants based only on their responses during the interview.  Plaintiff believes that this was not an accurate or useful measure of the applicants' qualifications.  [Gibo Depo. at 143 ("Seemed to me it would be common sense to consider more than just an interview.  See, the workplace is not an interview type of place.  We're hands on."), 173 ("I think if you going base your decision on the interview, I think that's when you falling down, yeah.").]  Plaintiff's mere disagreement with the selection process does not constitute

---

[9] The Court notes that the Complaint includes other allegations in support of Plaintiff's pretext argument.  He alleged that some of the selectees were coached for the interview beforehand and that they were allowed to prepare for the selection process during work hours.  Further, Plaintiff complained that his district supervisor, Herman Ellis, was not on the interview panel.  [Complaint at ¶ 23.]  He apparently alleged that Mr. Padeken impermissibly favored the applicants who were from his district.  Plaintiff did not raise these allegations in his memorandum in opposition to the Motion or his Concise Statement of Facts and therefore waived them.  Further, the Court notes that these allegations are not supported by the selectees' testimony during their depositions.

evidence of pretext for age discrimination.  Plaintiff presents no evidence that the failure to consider other factors, such as the applicants' annual evaluations, was discriminatory toward the older applicants.  The failure to consider Plaintiff's annual evaluation does not indicate that Defendant's proffered reason for his non-selection was pretext.

Plaintiff submitted one annual evaluation in support of his position: an evaluation of Plaintiff dated August 15, 2006 for the period September 22, 2005 to September 21, 2006. [Pltf.'s CSOF, Exh. C.]  In that evaluation, Plaintiff's foreman stated that Plaintiff "would make a fine CSM Supervisor". However, even if the interview panel and the selecting officials had been able to consider the applicants' annual evaluations, they would not have considered this evaluation because it was not written until over eight months after the selection for the WCSSI positions.  Even assuming that the August 15, 2006 evaluation is indicative of Plaintiff's other annual evaluations, there is no evidence of what kind of annual evaluations the five selectees, in particular the two who were significantly younger than Plaintiff, received.  Thus, Plaintiff cannot establish through his annual evaluations that he was so much more qualified than the selectees that Defendant's proffered reasons for his non-selection must be pretextual.

### 2. __Temporary WCSSI Assignments__

Plaintiff states that he was assigned to WCSSI positions on a temporary basis "from the 1980's to 2007 possibly more than several hundred times." [Gibo Decl. at ¶ 25.]  In the late 1980's, he was assigned to temporary WCSSI position for a continuous five-month period.  [_Id._ at ¶ 26.]  This Court has already found that Plaintiff established his prima facie case, including that he was qualified for the position and this Court considered Plaintiff's temporary assignments in making that finding.  Plaintiff's temporary assignments, however, are not evidence that, at the time he applied for a WCSSI position, he was so clearly more qualified than the selectees that Defendant's proffered reason for his non-selection must be pretext.  First, there is no indication that the interview panel or the selecting officials considered the applicant's prior temporary assignments. The interview panel scored the applicants on their knowledge and skills as demonstrated during the interview.  With such extensive experience in WCSSI positions on a temporary basis, Plaintiff should have been able to demonstrate his knowledge and skill during the interview.  Plaintiff, however, apparently did not do so because he was confident about his chances of promotion. [Gibo Depo. at 144, lns. 6-7 ("I was confident I was going to get promoted."), lns. 13-14 ("Some of the stuff I don't even believe I said.").]

23

Second, even if the interview panel did or should have considered prior temporary assignment to the position, there is no indication that Plaintiff had so many more temporary assignments than the selectees that he was clearly more qualified than they were and that the failure to consider the temporary assignments indicated age discrimination outright or pretext. For example, Mr. Clemente testified during his deposition that, prior to his selection for a WCSSI position, he had been assigned to the position on a temporary basis over a hundred times. [Reply, Decl. of Richard D. Lewallen, Exh. Z-7 (Reply Excerpts of Trans. of 12/30/08 Junito Clemente Depo.) at 5.] While this amount was less than Plaintiff's temporary assignments, it was certainly significant.

Finally, there is no indication of how many temporary assignments Plaintiff had contemporaneous to his application for a WCSSI position. His longest stint in the position was apparently in the late 1980's, at least fifteen years before his application. Thus, this Court finds that Plaintiff's temporary assignments do not indicate that Defendant's proffered reason for his non-selection was pretext.

### 3.   Selectees' Testimony

During their depositions, Plaintiff's counsel asked each of the five selectees if he knew of any reason why Plaintiff would not have made a good supervisor. Each of the selectees

said no.  [Pltf.'s Distajo Depo. at 12, Pltf.'s CSOF Exh. F
(Pltf.'s Excerpts of Trans. of 12/30/08 Junito Clemente Depo.) at
11, Exh. G (Pltf.'s Excerpts of Trans. of 12/30/08 Vernon Hoffman
Depo.) at 12, Exh. H (Pltf.'s Excerpts of Trans. of 12/30/08
George Malapit Depo.) at 10, Exh. I (Pltf.'s Excerpts of Trans.
of 12/30/08 Charyk Gamboa Depo.) at 13.]  At best, this is
further support for this Court's prior finding that Plaintiff was
qualified for the position.  The selectees' testimony, however,
is not relevant to the issue of pretext.  The selectees were not
involved in the decision not to promote Plaintiff.  Further,
there is no indication that the interview panel or the selecting
officials considered the applicants' peer reviews or the
applicants' opinions of other applicants.  There is also no
evidence that the failure to consider peer opinions discriminated
against the older applicants.  Even if peer reviews were
relevant, there is no evidence that Plaintiff would have had
better peer reviews than the selectees would have had.  Thus, the
selectees' testimony about Plaintiff's qualifications for the
position does not indicate that Defendant's proffered reason for
his non-selection was pretext.

### 4.   Collective Bargaining Agreement

Plaintiff argues that the UPW collective bargaining
agreement in effect at the time of the selection for the WCSSI
positions indicates that Defendant should have given more weight

to seniority.  Plaintiff argues that Defendant's failure give

adequate weight to seniority indicates that Defendant's proffered

reason for his non-selection was pretext.  The collective

bargaining agreement states, in pertinent part:

> **16.06 c.**      **SELECTION.**
> When the qualifications between the
> qualified applicants are relatively
> equal, the Employer shall use the
> following order of priority to
> determine which applicant will
> receive the promotion:
>
> **16.06 c.1.**     The qualified applicant with the
> greatest length of
> Baseyard/Workplace or Institutional
> Workplace Seniority in the
> Baseyard/Workplace or Institutional
> Workplace where the vacancy exists.

[Pltf.'s CSOF, Exh. J (UPW, AFSCME, Local 646, AFL-CIO, Unit 1

Agreement, 7/1/05 - 6/30/06) at 29.]

Although Plaintiff was in a UPW position at the time he

applied for a WCSSI position, that position is not with the UPW.

[Reply, Decl. of Richard D. Lewallen, Exh. Y-3 (Reply Excerpts of

Trans. of 12/18/08 Glenn Hajime Gibo Depo.) at 177.]  Plaintiff

testified during his deposition that he attempted to file a

grievance with the UPW about his non-selection, but the union

representative told him that UPW could not do anything because,

*inter alia*, the position was with the Hawaii Government Employees

Association.  Thus, the UPW collective bargaining agreement does

not apply.

Even assuming *arguendo* that the UPW collective

26

bargaining agreement did apply, the seniority provision would not have required Plaintiff's selection.  The seniority provision only applies when the applicants' qualifications are relatively equal.  Defendant determined the applicants' qualifications for the WCSSI positions based on their performance during the interview.  The five selectees had the top five scores out of the thirty-seven applicants: between 140.5 to 121.0 out of a possible 150.0.  In contrast, Plaintiff had the lowest score out of the thirty-seven applicants: 53.5 out of the possible 150.0.  [Def.'s CSOF, Exh. B.]  Although Plaintiff believes that Defendant should have considered other factors besides the interview, he conceded that there was nothing discriminatory about the interview questions themselves.  Further, this Court ultimately finds that Plaintiff did not prove that Defendant's race-neutral method of scoring the applicants was pretext.

Under Defendant's race-neutral scoring method, Plaintiff's qualifications were not relatively equal to the selectees' qualifications.  The seniority requirement under the UPW collective bargaining agreement therefore would not require his promotion over the five selectees, in particular the two who are substantially younger than Plaintiff.

### 5.  **Hurrying During Plaintiff's Interview**

Finally, Plaintiff argues that Defendant's proffered explanation was pretext because he was the only interviewee who

27

was instructed to hurry and because he was penalized for giving short answers.  Plaintiff states in his declaration that, as he entered the interview room, Ms. Moniz told him "we need to hurry because there are a lot of questions and we only have an hour". [Gibo Decl. at ¶ 27.]  This led Plaintiff to believe he should give short, concise answers to the interview questions.  [Id.] At his deposition, Plaintiff testified that he gave one or two word answers and he felt that he did not answer the questions well.  [Gibo Depo. at 81.]

Plaintiff alleges that he was the only applicant who was instructed to hurry and then was not promoted for giving brief answers.  [Gibo Decl. at ¶ 28.]  Plaintiff provides no evidence supporting this claim.  There is no indication that he was present at all of the applicants' interviews or that he otherwise has personal knowledge of whether or not any of the other applicants were told to hurry.  Further, there is no evidence of the amount of time the other applicants had for their interview.  Out of the thirty-six interviewees besides Plaintiff, at least the five selectees for the WCSSI positions were deposed in this case.  Plaintiff's counsel therefore had the opportunity to inquire whether they were told to hurry and whether their interviews took significantly more than one-hour to complete.  If counsel did so, Plaintiff failed to provide any evidence of their responses.  The only evidence that Plaintiff offers in support of

his claim that the instruction for him to hurry was evidence of age discrimination is his declaration.  This is not enough to create a triable issue of material fact as to pretext.  <u>See</u> <u>Nilsson v. City of Mesa</u>, 503 F.3d 947, 952 n.2 (9th Cir. 2007) ("[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact" (citation and quotation marks omitted) (alteration in original)).

This Court accepts Plaintiff's representation that he was the only applicant who was told to hurry.  However, that statement alone does not provide evidence of pretext.  There is no specific or substantial evidence that the statement was related to Plaintiff's age, and therefore it does not create a triable issue of fact as to pretext.  <u>See</u> <u>Cornwell v. Electra Cent. Credit Union</u>, 439 F.3d 1018, 1029 (9th Cir. 2006) ("To establish that a defendant's nondiscriminatory explanation is a pretext for discrimination, plaintiffs may rely on circumstantial evidence, which we previously have said must be 'specific' and 'substantial' to create a genuine issue of material fact." (citation omitted)).  Further, the one-hour allotted for Plaintiff's interview, even if less than the other interviewees had, is not so brief as to raise an inference of discrimination based on an irregularity in his interview.  Although Plaintiff gave one or two word answers, he admitted that no one cut him off

29

when he was trying to answer.  [Gibo Depo. at 81-82.]  He also
admitted that he did not feel pressured at the interview and that
he may have been too confident about his chances of being
promoted.  [Id. at 91 ("I don't know about pressure, though.  I
mean I went in there, if anything, too confident.").]  He
admitted that his overconfidence contributed to his answers.

> Q:  Just common-sense wise, would you agree
> that a complete answer is the best answer?
> A:  I was looking at the three guys [three
> of the four interview panelists], you know, we
> worked together.  No, I was thinking more like
> along the lines of my experience, my time there;
> they knowing what I could do, you know.  I was
> going on that, not, not this [the interview].  I
> wasn't even concerned about [the interview] – I
> mean, I think I was more concerned about passing
> the written test.
> Q:  So you wasn't really concerned about the
> oral interview?
> A:  No, 'cause I had the time, the
> experience, everything you know.
> Q:  And does that explain some of the
> answers?
> A:  Partly.

[Gibo Depo. at 92-93.]  During his deposition, Plaintiff was also
asked what else he would have said during certain of his
interview answers if he had not been told to hurry.  Plaintiff
did not make any significant additions.  [Id. at 90-96, 101-04.]

Thus, even accepting that Plaintiff was the only
interviewee who was told to hurry, there is no evidence that the
statement was an indication of discrimination based on
Plaintiff's age, and there is no support in the record for
Plaintiff's claim that he was prejudiced by the fact that he was

30

only allowed one hour for his interview.  This Court therefore
finds that the instruction for Plaintiff to hurry is not evidence
that Defendant's proffered reason for Plaintiff's non-selection
is pretext.

The instant case boils down to this - Plaintiff
believes that he must have been discriminated against based on
his age because that is the only reason why younger, less
qualified applicants would have been selected over him.
Plaintiff is as qualified as, or perhaps even more qualified
than, the selectees, but unfortunately, that was apparently not
demonstrated during his interview.  Plaintiff also believes that
his qualifications would have been clear if Defendant had
considered other factors in addition to the interview.  That may
have been the case, but, Plaintiff failed to establish that
Defendant's reliance on the interview was a discriminatory
decision designed to favor younger applicants.  Although
Plaintiff established a prima facie case of age discrimination,
Defendant carried its burden of proving a legitimate, race-
neutral reason for Plaintiff's non-selection.  It is therefore
Plaintiff's burden to establish that Defendant's proffered reason
is pretext.  This Court FINDS that Plaintiff has not presented
sufficient evidence to create a genuine issue of material fact as
to pretext.  The Court therefore GRANTS Defendant summary
judgment on Plaintiff's ADEA claim.

## II.  __Plaintiff's State Law Claim__

Haw. Rev. Stat. § 378-2 states, in pertinent part:

It shall be an unlawful discriminatory practice:
   (1)  Because of . . . age . . . :
       (A)  For any employer to refuse to hire
           . . . or otherwise to discriminate
           against any individual in
           compensation or in the terms,
           conditions, or privileges of
           employment[.]

Where, as here, the plaintiff alleges a disparate treatment age discrimination claim, the plaintiff can prove disparate treatment through "direct evidence that discriminatory factors motivated the adverse employment decision" or through circumstantial evidence using the McDonnell Douglas burden-shifting analysis. See Shoppe v. Gucci Am., Inc., 94 Haw. 368, 378, 14 P.3d 1049, 1059 (2000) (citations omitted).  As noted, *supra*, Plaintiff relies on circumstantial evidence in the instant case.

In order to prove his prima facie case, Plaintiff must establish: (1) that he is a member of a protected class; (2) that he was qualified for the position for which he applied; (3) that he suffered some adverse employment action; and (4) that the position still exists.  See id.  Based on this Court's previous findings, this Court FINDS that Plaintiff established a prima facie case of age discrimination in violation of § 378-2(1)(A). Further, based on this Court's previous findings, this Court FINDS that Defendant articulated a legitimate, non-discriminatory reason for Plaintiff's non-selection, and Plaintiff failed to

raise a triable issue of material fact as to pretext.  The Court therefore GRANTS Defendant summary judgment on Plaintiff's state discrimination claim.

CONCLUSION

On the basis of the foregoing, Defendant's Motion for Summary Judgment, filed February 19, 2009, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 10, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**GLENN H. GIBO V. CITY AND COUNTY OF HONOLULU, DEPARTMENT OF ENVIRONMENTAL SERVICES; CIVIL NO. 07-00627 LEK; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**